IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02030-PAB

LUIS GREGORIO MOTA VILLAREAL,

      Petitioner,

v.

JUAN BALTAZAR, Director of Detention Center,
GEORGE VALDEZ, Director of Local ICE Office,
DAVID VENTURELLA, Acting ICE Director, and
TODD BLANCHE, Acting Attorney General,

      Respondents.[1]

---

**ORDER**

---

This matter comes before the Court on petitioner Luis Gregorio Mota Villareal's *pro se* amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Docket No. 4. Respondents filed a response.  Docket No. 15.

The Court must construe the amended application liberally because petitioner is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez, David Venturella, and Todd Blanche are automatically substituted as respondents.

## I.  BACKGROUND

Petitioner is a citizen of Venezuela. Docket No. 4-2 at 3.  He entered the United States without possession of a valid entry document on or about September 20, 2023.  *Id*.; Docket No. 15 at 2.  He applied for admission to the United States at the Paso Del Norte port of entry in El Paso, Texas and was paroled into the United States for two years.  *Id.*

On September 19, 2024, petitioner filed an Application for Asylum and for Withholding of Removal.  Docket No. 4-1 at 7.  On July 31, 2025, the Immigration Judge denied his application for asylum and withholding of removal, but granted deferral of removal under the Convention Against Torture.  *Id.;* Docket No. 4-2 at 3.  Petitioner timely appealed.  The appeal is pending as of May 18, 2026.  Docket No. 4 at 2.  Petitioner states he has been detained by ICE since May 11, 2025.  Docket No. 4-2 at 4.

On May 6, 2026, petitioner filed *pro se* a petition for writ of habeas corpus and emergency motions for relief.  Docket No. 1.  The court ordered petitioner to cure certain designated deficiencies and to address the filing fee.  Docket No. 3.  In response, petitioner filed an amended application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Docket No. 4, and paid the filing fee.  Docket No. 5.

Liberally construing the amended application, petitioner alleges that his continued detention violates the Immigration and Nationality Act ("INA") and his due process rights.  He seeks immediate release from custody or a bond hearing at which the government bears the burden of proof by clear and convincing evidence that his continued detention is necessary.

Respondents were ordered to show cause why the amended habeas application should not be granted.  Docket No. 6.  They filed a response on June 22, 2026.  Docket No. 15.

In the response, they state:

The central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention by U.S. Immigration and Customs Enforcement ("ICE") under 8 U.S.C. § 1225(b), or whether such a noncitizen is entitled by § 1226(a) to seek a bond hearing.  This issue is not materially different from an issue this Court has resolved in a prior ruling in another case.  *See e.g., Alfaro Orellana v. Noem*, 25-cv-03976-PAB, 2025 WL 3706417 (D. Colo. Dec. 22, 2025).  Respondents respectfully disagree with that ruling. But to conserve resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondents' rights including the right to appeal, Respondents submit this abbreviated response.

. . .

Respondents' position is that Petitioner is, therefore, subject to mandatory detention under § 1225(b) under the interpretation of that provision adopted by the Fifth and Eighth Circuits.  *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1132–38 (8th Cir. 2026).

. . .

Respondents acknowledge that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  Thus, while Respondents do not consent to issuance of the writ and reserve the right to appeal, to expedite disposition of this case, Respondents hereby rely upon, and incorporate by reference, the legal arguments Respondents presented on this issue in *Mendoza Gutierrez v. Baltazar, Civil Action*, No. 25-cv-02720-RMR, ECF No. 26 at 10–19.

. . .

The Petition contends that Petitioner should be viewed as detained under 8 U.S.C. § 1226(a) rather than § 1225(b).  *See* ECF No. 4 at 5.  If the Court agrees and determines that Petitioner is detained under § 1226(a) and grants the petition, the appropriate relief is for the Court to direct that a bond hearing be conducted pursuant to § 1226(a) before an immigration judge.  In particular, the Court should not order further relief beyond directing that Petitioner be granted a bond hearing under § 1226(a).  It should not order immediate release, as multiple decisions in this district have recognized.

. . .

3

This Court's ruling on the § 1225(b)(2)(A) issue in this case should resolve this habeas petition. If the Court grants the petition on this ground, it should decline to address additional arguments. *See, e.g., Leyva Ramirez*, 2026 WL 318989, at *3–4 ("The Court's analysis begins and ends with Count One, the statutory claim. . . . Having granted Mr. Leyva Ramirez relief as to Count One, the Court does not reach his other claims at this time."); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). The Court should also not grant any other prospective injunctive relief. *See Montanez de la Cruz*, 2026 WL 439217, at *3–5. For example, the Court should not preemptively direct the immigration judge or ICE to follow particular procedures; if the Court nevertheless does so, it should specify what procedures are required and the legal basis for requiring them. If the Court wishes to receive additional briefing on any other issue, Respondents request that the Court issue an order directing Respondents to address such issues.

Finally, Respondents submit that if the Court grants the petition and determines that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a), the Court should order that Respondents conduct such a bond hearing within seven days and should direct Respondents to file a status report within seven days of the bond hearing, confirming that it was held.

Docket No. 15 at 1-5.

## II. ANALYSIS

According to the facts presented by petitioner, his order of removal is not administratively final because an appeal is currently pending. *See* Docket No. 4 at 2. Respondents do not contest this fact. Thus, his notice of removal is not administratively final. *See* 8 C.F.R. § 1241(a) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals."). The statutory authority to detain a noncitizen while removal proceedings are being adjudicated is found in either 8 U.S.C. §§ 1225 or 1226. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28, 533 (2021); *Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018). Section 1225 mandates detention pending removal proceedings, providing that, "if the examining immigration officer determines that an alien

4

seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."   8 U.S.C. § 1225(b)(2)(A).  Unless certain exceptions are present, as provided for in §§ 1225(b)(2)(B) and (C), § 1225 "mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies."  *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025).   Section 1226, on the other hand, does not mandate detention, providing that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."   8 U.S.C. § 1226(a).   Under § 1226(a)(2), the Attorney General has the discretion to release a noncitizen on bond while removal proceedings are pending.  8 U.S.C. § 1226(a)(2).   "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."  *Jennings,* 583 U.S. at 306.

This Court has analyzed on numerous occasions whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings due to their entrance without inspection.  *See, e.g.*, *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *4 (D. Colo. Feb. 4, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025).  In each of these cases, the Court determined that the petitioner's detention was governed by § 1226.  *Id.*

Similarly, the Tenth Circuit Court of Appeals has held that, "[b]ased on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border." *Santillan Quiroz v. Mullin,* --- F.4th ----, 2026 WL 1876709, at *8 (10th Cir. June 30, 2026). In *Santillan Quiroz*, the Tenth Circuit held that the petitioner, who had lived in the United States for two decades, was being detained pursuant to § 1226(a) and was entitled to a bond hearing. *Id.* at *17 n.13. The Tenth Circuit remanded the case and directed the district court to "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him." *Id.* at *17 n.13.

Like the petitioner in *Santillan Quiroz*, the Court concludes that Mr. Villareal's detention properly falls under § 1226(a). Because there is no evidence that he has been provided a bond hearing, his current detention violates § 1226(a). Thus, the Court will grant the amended application in part and order the respondents to provide petitioner a bond hearing within seven days of the date of this order or else release him. While petitioner requests that the Court order his immediate release, the Tenth Circuit instructs that the correct remedy is to order respondents to provide a prompt bond hearing or else release the petitioner.

Further, because the Court is granting petitioner relief based on § 1226(a), it will not consider his due process claim at this time.

### III. CONCLUSION

Therefore, it is

**ORDERED** that the for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 4] is **GRANTED in part**. It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order or else release him. It is further

**ORDERED** that within **five days** of petitioner's bond hearing or release, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied and/or whether petitioner was released.    It is further

**ORDERED** that all pending motions are **denied** as moot.

DATED July 27, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge