IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02030-PAB

LUIS GREGORIO MOTA VILLAREAL,

Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Center,
DAVID J. VENTURELLA, Acting Director of Immigration and Customs Enforcement,
GEORGE VALDEZ – Acting Field Office Director for the Denver Immigration and Customs Enforcement Field Office, and
TODD BLANCHE, Attorney General of the United States,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Luis Gregorio Mota Villareal's status report, which the Court will construe as a motion, filed on August 21, 2026. Docket No. 20. Respondents file a response. Docket No. 21.

## I. BACKGROUND

Petitioner is a native and citizen of Venezuela who entered the United States without possession of a valid entry document on or about September 20, 2023. Docket No. 4-2 at 3. He applied for admission to the United States at the Paso Del Norte port of entry in El Paso, Texas and was paroled into the United States. Docket No 4-1 at 7. On September 19, 2024, petitioner filed an application for asylum and withholding of removal. *Id*. On July 31, 2025, the immigration judge denied his application but granted deferral of removal under the Convention Against Torture. *Id*.; Docket No. 4-2 at 3-4.

Petitioner's appeal of this decision remains pending. *Id*. Petitioner states he has been detained by ICE since May 11, 2025. *Id.* at 4.

On May 18, 2026, petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 4. On July 27, 2026, the Court granted Petitioner's application, ordering respondents to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of the Court's order or release him. Docket No. 17. On August 10, 2026, the respondents filed a status report stating that a bond hearing was held on August 3, 2026, and that the immigration judge denied petitioner release on bond. Docket No. 18.

On August 21, 2026, petitioner submitted a motion stating that the immigration judge denied bond because petitioner "did not meet the burden to show [he's] entitled to bond." Docket No. 20. He argues that the burden should have been placed on the government to prove that his detention is necessary. *Id*. He asks the Court to grant him relief in the form of immediate release from custody. *Id.*

On August 26, 2026, the Court issued an order directing the respondents to submit a response to petitioner's motion. Docket No. 21. The respondents filed a response on August 31, 2026. Docket No. 22. The respondents argue that the Court should deny the motion because Petitioner has not demonstrated that the respondents failed to comply with the Court's July 27, 2026 order or that the immigration judge erred by placing the burden on petitioner because the Court's order "does not specify which party must bear the burden of proof in [p]etitioner's hearing." *Id.* at 2.

## II. ANALYSIS

Title 8 U.S.C. § 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court

may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). However, "because a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010). Where a petitioner argues that the immigration judge applied an improper legal standard, rather than setting aside the custody determination of the immigration judge, the court is "assessing whether the IJ applied the legal standard prescribed by this [c]ourt or otherwise followed the [c]ourt's directives." *See Maldonado Ochoa v. Baltazar,* 2026 WL 1615245, at *2 (D. Colo. June 5, 2026) (citing cases).

In his motion, petitioner seeks relief from this Court again because the immigration judge who held the ordered bond hearing on August 3, 2026 misplaced the burden of proof on petitioner. Docket No. 20. The respondents do not dispute petitioner's allegations. Instead, they argue that they have complied with this Court's order because it did not "specify which party must bear the burden of proof in [p]etitioner's bond hearing," so that the "immigration judge did not err by placing the burden on [p]etitioner."

In granting the § 2241 application, this Court determined that petitioner met his burden of proving that his detention was unlawful and ordered the respondents to provide him with a bond hearing. Docket No. 17. Although the question of who should bear the burden of proof was not addressed in the Court's July 27, 2026 order, the Court's clear intent was to provide petitioner with the process he had been denied. This Court has previously held on numerous occasions that the burden of proof will be on the government at a § 1226(a) bond hearing. *See, e.g., Singh v. Baltazar,* 2026 WL 2096913 (D. Colo. July 21, 2026) (ordering respondents to provide petitioner bond hearing where

the government shall bear the burden of proving that petitioner's continued detention is justified); *Pallares v. Valdez,* 2026 WL 2057649 (D. Colo. July 16, 2026) (same); *Medina v. Valdez,* 2026 WL 2056018 (D. Colo. July 16, 2026) (same); *Jean-Georges v. Baltazar,* 2026 WL 2056029 (D. Colo. July 16, 2026) (same); *Velasco-Ramirez v. Baltazar,* 2026 WL 1983104 (D. Colo. July 9, 2026) (same); *Tarazona-Abril v. Baltazar,* 2026 WL 1980868 (D. Colo. July 9, 2026) (same); *Nagpal v. Blanche,* 2026 WL 1893234 (D. Colo. July 1, 2026) (same); *Guerra v. Baltazar,* 2-26 WL 1758219 (D. Colo. June 18, 2026) (same); *Escalante v. Venturella,* 2026 WL 1745528 (D. Colo. June 17, 2026) (same); *Gapdrafikov v. Lyons,* 2026 WL 1557415 (D. Colo. June 2, 2026) (same). Thus, the Court finds that the August 3, 2026 bond hearing failed to provide petitioner with an adequate bond hearing under § 1226(a) because it is undisputed that the immigration judge placed the burden of proof on petitioner instead of the government.

Based on the foregoing, the Court finds that the appropriate relief in this case is a second bond hearing at which the government will bear the burden of proof. *See Mejia v. Baltazar*, 2026 WL 1361514, at *4 (D. Colo. May 15, 2026) ("In fashioning an appropriate remedy in similar cases, some courts have ordered a second bond hearing employing the constitutionally required standards.") (citing cases).

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner's Status Report [Docket No. 20], construed as a motion, is **GRANTED in part**. It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C.§ 1226(a) within **seven days** of this Court's order where the government shall bear the burden of proving petitioner's continued detention is justified. It is further

**ORDERED** that within **three day**s of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether the bond was granted or denied.

DATED September 8, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge